UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:
6:15-cv-519-OrL-22TBS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

VIRGIL F. BILLINGS,

    Defendant.

_____

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

    The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. 1345.

### Venue

2. The Defendant is a resident of Volusia County, Florida within the jurisdiction of this Court.

### The Debt

3. The debt owed the USA is as follows:

    A. Current Principal *(after application of all prior payments, credits, and offsets)*      $17,172.29

    B. Current Capitalized Interest Balance and Accrued Interest      $15,545.23

| | |
|---|---|
| **Total Owed - Claim Number 2015A04772** | **$32,717.52** |

The Certificate of Indebtedness, attached as Exhibit "A" show the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness, is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 8.000% per annum or $0.15 per day.

### **Failure to Pay**

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, Plaintiff, UNITED STATES OF AMERICA, prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. §1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

DATED this _11_ day of March, 2015.

Respectfully submitted,

By:_____
Steven M. Davis (Florida Bar No. 894249)
Email: sdavis@becker-poliakoff.com
Becker & Poliakoff, P.A.
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134
Telephone: (305)262-4433
Facsimile: (305) 442-2232
*Attorneys for Plaintiff United States of America*

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #1 OF 1

Virgil F Billings
Aka: Virgil F Billings Jr

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 05/14/14.

On or about 09/22/81, 10/28/82, 08/22/83, 01/12/84, 07/12/85, 06/18/86 & 03/12/87, the borrower executed promissory note(s) to secure loan(s) of $2,500.00, $2,000.00, $2,000.00, $500.00, $2,500.00, $2,500.00 & $1,136.00 from First National Bank & Trust Co., Georgetown, KY. This loan was disbursed for $2,500.00 on 10/08/81, $2,000.00 on 11/01/82, $2,000.00 on 10/24/83, $500.00 on 02/28/84, $2,500.00 on 08/28/85, $2,500.00 on 07/28/86 & $1,136.00 on 04/28/87, at 9.00 percent interest per annum. The loan obligation was guaranteed by Kentucky Education Assistance Authority, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.06 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 05/31/95, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $17,172.29 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 08/27/01, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $15,615.19 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $17,172.29 |
| Interest: | $15,545.23 |
| Total debt as of 05/14/14: | $32,717.52 |

Interest accrues on the principal shown here at the rate of $4.23 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 10/8/14

_____
Loan Analyst
Litigation Support

EXHIBIT A

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

UNITED STATES OF AMERICA )
)
)
)
_____ )
Plaintiff(s) )
v. ) Civil Action No. 6:15CV519-ORL-22TBS
)
VIRGIL F. BILLINGS )
)
)
)
_____ )
Defendant(s) )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* VIRGIL F. BILLINGS
2331 ELKCAN BOULEVARD
DELTONA, FL 32738

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: STEVEN M. DAVIS
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR
CORAL GABLES, FLORIDA 33134

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: 3/30/2015

*Signature of Clerk or Deputy Clerk*